JACKSON LEWIS P.C.
NATHAN W. AUSTIN (SBN 219672)
CASEY M. CURRAN (SBN 305210)
400 Capitol Mall, Suite 1600
Sacramento, California 95814
Telephone:   (916) 341-0404
Facsimile:   (916) 341-0141
Email:  nathan.austin@jacksonlewis.com
        casey.curran@jacksonlewis.com

Attorneys for Defendants
ZUMIEZ INC. AND ZUMIEZ SERVICES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO I. VELARDE, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>ZUMIEZ INC., a corporate entity form unknown; ZUMIEZ SERVICES, INC., a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 3:20-cv-01358-MMA-MDD<br><br>**DECLARATION OF ELIZABETH TOSCANO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**<br><br>**[ORAL ARGUMENT REQUESTED]**<br><br>Date:       August 24, 2020<br>Time:       2:30 p.m.<br>Judge:      Hon. Michael M. Anello<br>Courtroom:  3D<br><br>Complaint Filed:       05.06.20<br>Trial Date:            None Set |

I, Elizabeth Toscano, declare:

1.     I am at least 18 years or older and I am competent to testify about the matters stated in this declaration. I have personal knowledge of all of the facts set forth in this declaration, except as otherwise stated below to be based on information and belief, which I believe to be true. If I am called as a witness, I could and would competently testify to these facts.

2.     I am an employee of Zumiez Inc. ("Zumiez"). I am currently a Sr. Human Resources Generalist. In my position, I am familiar with Zumiez'

1

Declaration of Elizabeth Toscano ISO Defendants' Motion
To Dismiss or, in the Alternative, to Compel Arbitration

*Pablo I. Velarde vs. Zumiez, Inc., et al.*
Case No. 3:20-cv-01358-MMA-MDD

onboarding process for new employees and I have access to Zumiez' human resources records for its California employees.

3. In my capacity as a Sr. Human Resources Generalist, I have access to personnel documents, which Zumiez maintains in the ordinary course of business. Upon my review of Plaintiff, Pablo I. Velarde's personnel documents, I am aware that he was employed by Zumiez in the State of California from July 10, 2014 to May 26, 2018.

4. Beginning on or about May 8, 2015 Zumiez began to roll out an arbitration program for all new hires in California. On or about November 18, 2016, the arbitration program was expanded to include, among others, all U.S. store employees hired prior to November 18, 2016 (which included Plaintiff).

5. Zumiez' employees were made aware of the arbitration program in one or more of the following ways:

a. A communication was sent by Zack Rediske (Western Division Human Resources Manager) to Zumiez' District Managers and Regional Managers ("RM") on November 17, 2016, who then informed Zumiez' employees about the company's roll out of the arbitration program. RM's were then responsible for following-up with all store employees to ensure that they received, reviewed, and acknowledged the arbitration program paperwork.

b. Store managers and employees received messages on November 18, 2016 and December 2, 2016 in the regular weekly e-mail with information about the arbitration program, including specific instructions on how to execute the arbitration agreement.

c. During the applicable time period, when an employee logged-in to Zumiez' Human Resources Information System ("HRIS"), the system generated an alert notifying the employee that he/she had a document to review and acknowledge. The prompt appeared each time the employee logged in to HRIS until the employee executed an acknowledgment of the arbitration agreement.

2

Declaration of Elizabeth Toscano ISO Defendants' Motion
To Dismiss or, in the Alternative, to Compel Arbitration

*Pablo I. Velarde vs. Zumiez, Inc., et al.*
Case No. 3:20-cv-01358-MMA-MDD

6.      On December 4, 2016 at 8:10 P.M., Plaintiff signed a document acknowledging that he read, received, and agreed to them terms of Zumiez' Mutual Arbitration Agreement.

7.      A true and correct copy of Zumiez's Mutual Arbitration Agreement as maintained in the ordinary course of business is attached hereto as Exhibit "A."

8.      A true and correct copy of HRIS generated instructions for accessing and signing Zumiez' Mutual Arbitration Agreement is attached hereto as Exhibit "B."

9.      A true and correct copy of Plaintiff's Mutual Arbitration Agreement Acknowledgement (the "Acknowledgement") as maintained in the ordinary course of business is attached hereto as Exhibit "C."

10.     Employees were given 30 days to opt out of their arbitration agreements after signing their acknowledgement, and were provided multiple avenues for opting out.

11.     Employees were informed about the procedure for opting out of their arbitration agreement in two ways: (a) HRIS generated instructions for accessing and signing the Zumiez' Arbitration Agreement (*see* Exhibit "A"); and (b) information contained in the Mutual Arbitration Agreement itself (*see* Exhibit "B").

12.     The opt out procedures set forth in both the acknowledgement as well as the Mutual Arbitration Agreement were identical. An employee could opt out via:

        a.     E-mail by sending an e-mail to optout@zumiez.com.

        b.     Regular Mail by sending the opt out notice to Zumiez Arbitration, 4001 204th Street SW, Lynnwood, WA 98036.

13.     Opt out notices were confidential, and management was not informed which employees opted out of their arbitration agreements.

14.     Plaintiff did not opt out of her Arbitration Agreement.

15.     To confirm that Plaintiff did not opt out of her Arbitration Agreement, I searched the following:

3

1               a.      I searched all Human Resources e-mail files for Plaintiff's name.

2               b.      Moreover, I reviewed a physical folder that Zumiez maintains

3  which contains all of the signed opt out notices that were sent via regular mail. There

4  was no record of Plaintiff mailing an opt out notice.

5               c.      Finally, I reviewed Plaintiff's employment file and did not find a

6  signed opt out notice for Plaintiff

7      I declare under penalty of perjury under the laws of the United States of

8  America that the foregoing is true and correct.

9      Executed this 24th day of July, 2020, at Lynnwood, Washington.

10

11                    ELIZABETH TOSCANO

Declaration of Elizabeth Toscano ISO Defendants' Motion
To Dismiss or, in the Alternative, to Compel Arbitration

*Pablo I. Velarde vs. Zumiez, Inc., et al.*
Case No. 3:20-cv-01358-MMA-MDD