1  JACKSON LEWIS P.C.
   NATHAN W. AUSTIN (SBN 219672)
2  CASEY M. CURRAN (SBN 305210)
   400 Capitol Mall, Suite 1600
3  Sacramento, California 95814
   Telephone: (916) 341-0404
4  Facsimile: (916) 341-0141
   Email: nathan.austin@jacksonlewis.com
5         casey.curran@jacksonlewis.com

6  Attorneys for Defendants
   ZUMIEZ INC. AND ZUMIEZ SERVICES, INC.
7

8                UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11 | PABLO I. VELARDE, an individual; | CASE NO. 3:20-cv-01358-MMA-MDD

12 | Plaintiff, | **TABLE OF CONTENTS OF EXHIBITS A – C TO DECLARATION OF ELIZABETH TOSCANO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

13 | vs. |

14 | ZUMIEZ, INC., a corporate entity form unknown; ZUMIEZ SERVICES, INC., a corporate entity form unknown; and DOES 1-50, inclusive, |

17 | Defendants. | Date: August 24, 2020
                  | Time: 2:30 p.m.
                  | Judge: Hon. Michael M. Anello
                  | Courtroom: 3D

19 |              | Complaint Filed:   05.06.20
                  | Trial Date:        None Set

21              **TABLE OF CONTENTS OF EXHIBITS**

22                                                          **PAGE NO.(S)**

23   EXHIBIT A …………………………………………………………..   02 – 08

24   EXHIBIT B …………………………………………………………..   10 – 11

25   EXHIBIT C …………………………………………………………..   13

---

TOC of Exhibits A-C to Dec. of Elizabeth Toscano ISO Defendants'     *Pablo I. Velarde vs. Zumiez, Inc., et al.*
Motion to Dismiss or, in the Alternative, to Compel Arbitration      Case No. 3:20-cv-01358-MMA-MDD

# EXHIBIT A

## Mutual Arbitration Agreement

Zumiez Inc., its affiliates, subsidiaries, divisions, successors, assigns and their current and former employees, officers, directors, all benefit plans, the benefit plans' sponsors, fiduciaries, administrators, affiliates, and agents or assigns (hereafter collectively referred to as the "Company") seek to work with our employees to resolve differences as soon as possible after they arise. Often times, differences can be eliminated by using Zumiez' open door policy, by which we encourage informal discussions between employees their managers. Other times, it may be helpful for Human Resources or other Company employees to become involved to help resolve a dispute. To facilitate dispute resolution, we have developed a binding arbitration process to settle disputes that are not resolved through more informal means.

### INFORMATION CONCERNING ARBITRATION AND THIS MUTUAL ARBITRATION AGREEMENT (THE "AGREEMENT")

**ARBITRATION IS A PROCEDURE WHEREBY A NEUTRAL THIRD-PARTY ARBITRATOR, INSTEAD OF A COURT OR JURY, RESOLVES DISPUTES. AN ARBITRATOR CAN AWARD THE SAME DAMAGES OR OTHER RELIEF THAT A COURT OR JURY COULD AWARD. HOWEVER, THERE ARE BOTH ADVANTAGES AND DISADVANTAGES TO ARBITRATION. SOME OF THE ADVANTAGES ARE THAT ARBITRATION IS GENERALLY QUICKER AND MORE EFFICIENT, AND THE PROCEDURES ARE USUALLY LESS FORMAL. SOME OF THE DISADVANTAGES ARE THAT THERE ARE NO JURY TRIALS IN ARBITRATION, AND USUALLY NO APPEALS ARE ALLOWED. ALSO, UNDER THIS ARBITRATION AGREEMENT, CLASS OR COLLECTIVE ACTIONS ARE NOT PERMITTED.**

**AFTER ACKNOWLEDGING THIS AGREEMENT, YOU WILL HAVE 30 DAYS TO "OPT OUT" OF ARBITRATION. MORE INFORMATION ABOUT HOW YOU OPT OUT IS DESCRIBED BELOW. HOWEVER, IF YOU DO NOT OPT OUT, YOU WILL BE BOUND BY THIS AGREEMENT AND DEEMED TO HAVE ACCEPTED AND AGREED TO THIS AGREEMENT BY CONTINUING TO WORK FOR THE COMPANY AFTER THE 30 DAY OPT OUT PERIOD HAS EXPIRED.**

**THIS AGREEMENT WAIVES BOTH THE COMPANY'S AND YOUR RIGHT TO A COURT OR JURY TRIAL. <u>YOU ARE ADVISED TO CONSULT WITH YOUR OWN ATTORNEY ABOUT THIS AGREEMENT AND THE ADVANTAGES AND DISADVANTAGES OF ARBITRATION.</u>**

**<u>THIS AGREEMENT DOES NOT LIMIT YOUR ABILITY TO FILE AN ADMINISTRATIVE CHARGE WITH A FEDERAL, STATE OR LOCAL AGENCY INCLUDING THE NATIONAL LABOR RELATIONS BOARD AND THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.</u>**

*EXHIBIT A*
*02*

## MUTUAL AGREEMENT TO ARBITRATE

**The Company and you, on behalf of your heirs, administrators, executors, successors and assigns (hereinafter collectively referred to as "you" or "your") agree pursuant to this Mutual Arbitration Agreement ("Agreement") to arbitrate Covered Claims (as described below), in lieu of litigating in court.**

### A. The Mutual Agreement to Arbitrate

Except for the Excluded Claims set forth in the paragraph below, the Company and you are required to arbitrate any and all disputes, claims, or controversies ("Covered Claims") against the other that could be brought in a court including, but not limited to, all claims arising out of your recruitment, employment, the cessation of employment, and any claim that could have been brought before any court by you or the Company. This Agreement to arbitrate includes, but is not limited to: claims for wages or other compensation due pursuant to the Fair Labor Standards Act and/or any federal, state or local wage and hour laws; claims for discrimination (including, but not limited to, race, gender, religion, national origin, sexual orientation, age, marital status, medical condition or disability) or harassment, pursuant to the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964; the Family and Medical Leave Act; the Americans with Disabilities Act of 1990; Section 1981 through 1988 of Title 42 of the United States Code; any federal, state or local anti-discrimination laws; claims for breach of any contract or covenant (express or implied); tort claims; claims for wrongful termination; claims based on any public policy or common law; claims pursuant to any other federal, state, or local law, ordinance or regulation, or any claims based on any public policy, contract, tort, or common law, or any other claims, **except those excluded below**, seeking compensatory damages, benefits (except where an employee benefit or pension plan specifies that its claims procedure shall culminate in a dispute resolution procedure different from this one), costs, fees, or other expenses or relief, including attorney's fees. This Agreement is governed by the Federal Arbitration Act, to the maximum extent permitted by applicable law.

**Excluded Claims**: Claims not covered by this Agreement are: (i) claims for workers' compensation benefits; (ii) claims for unemployment compensation benefits; (iii) claims for state or federal disability benefits; (iv) claims based upon the Company's equity incentive plans, employee pension and/or welfare benefit plans if those plans contain some form of a grievance, arbitration, or other procedure for the resolution of disputes under the plan; (v) claims by the Company or you under a written employment contract if that contract contains an arbitration clause or other procedure for the resolution of disputes under the contract; (vi) claims pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code section 2698 *et seq*. ("PAGA"); and (vii) claims which by law are not subject to arbitration pursuant to the Federal Arbitration Act.

Further, **this Agreement does not prohibit the filing of an administrative charge with a federal, state, or local administrative agency such as the National Labor Relations Board (NLRB) or the Equal Employment Opportunity Commission (EEOC)**; however, any dispute not resolved by the agency must be submitted to arbitration in accordance with this Agreement (e.g. if the EEOC issues a right to sue letter, the dispute must be resolved in arbitration, not in court).

*EXHIBIT A*
*03*

To the maximum extent permitted by law, this Agreement shall cover all Covered Claims you and the Company may have as of the date this Agreement becomes effective (i.e. after the opt-out period described in paragraph G below has expired), whether known or unknown, unless such claims have been filed with a court or submitted to an administrative agency. This includes claims that you may have as a member of a putative class or group in an action which has not been certified by a court as a class or collective action as of the date this Agreement becomes effective.

### B.  Class/Collective/Group Action Waiver and Jury Waiver

The parties agree all Covered Claims must be pursued in arbitration on an individual basis only. If you do not opt out of this Agreement, you and the Company waive your right to commence, or be a party to, or a member of, any class, collective action or claims, or to bring jointly any claim with any other person or entity. This includes any currently filed class or collective actions where a class has not been certified by the court. Zumiez is currently aware of the following putative class actions filed against it:

- California – Alexandra Bernal and Alexia Herrera v. Zumiez Inc., Case No. 2:16-CV-01802-SB, United States Federal Court, Eastern District of California. The case alleges that hourly employees in California who were scheduled for call-in shifts were not properly compensated and were not properly reimbursed for expenses associated with their employment. The case also includes several allegations related to those claims. Zumiez denies all the allegations. A copy of the operative complaint for this case can be downloaded from Zumiez' internal web site at http://zlink.zumiez.com/stores/forms/CurrentCAFiling.pdf if you would like to review it or discuss it with an attorney.

This waiver does not apply to representative actions pursuant to the California Labor Code Private Attorneys General Act of 2004, California Labor Code section 2698 *et seq.* ("PAGA").

The arbitrator selected by the parties to decide a dispute shall have no power under this Agreement to consolidate claims and/or to hear a collective or class action and/or to hear a group claim.

**The Company and you agree to give up their respective constitutional rights to have claims covered by this Agreement decided in a court of law before a jury and instead are accepting the use of final and binding arbitration.**

### C.  Severability and Related Issues

The arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable, except any determination as to the enforceability of the class/collective action waiver set forth above in Section B which shall be made solely by a court. If the prohibition against class/collective actions is deemed unlawful, then such action shall no longer be subject to

3

EXHIBIT A
04

arbitration but shall proceed forward in court as a collective, class or representative action. If an arbitrator finds any other provision of this Agreement to be unenforceable, the arbitrator shall interpret or modify this Agreement, to the extent necessary, for it to be enforceable, subject to the sentence above. If the arbitrator is unable to interpret or modify the offending provision to make it enforceable, the arbitrator shall sever the provision from the remainder of the Agreement. This Agreement shall be self-amending; meaning if by law or common law a provision is deemed unlawful or unenforceable, that provision and the Agreement automatically, immediately and retroactively shall be amended, modified, and/or altered to be enforceable.

### D. The Arbitration Process

Any authorized decision or award of the arbitrator shall be final and binding upon the parties. The arbitrator shall have the power to award any type of legal or equitable relief available in a court of competent jurisdiction including, but not limited to, attorneys' fees, to the extent such damages are available under law. Because any arbitral award may be entered as a judgment or order in any court of competent jurisdiction, any relief or recovery to which you may be entitled upon any claim (including those arising out of employment, the cessation of employment, or any claim of unlawful discrimination) shall be limited to that awarded by the arbitrator. All orders of the arbitrator (except evidentiary rulings at the arbitration) shall be in writing and subject to review pursuant to the Federal Arbitration Act.

The same statutes of limitations will apply in arbitration as would apply if the claims were brought in court rather than arbitration.  Moreover, the arbitrator may award any damages or other remedies that could be obtained for the same claims if an action were brought in court rather than arbitration. If a party to this Agreement would have been required to exhaust any administrative procedures or requirements before proceeding in court, the same exhaustion of administrative procedures or requirements is required before proceeding in arbitration.

The arbitration shall be heard by a single arbitrator in accordance with the American Arbitration Association ("AAA") Employment Arbitration Rules & Procedures ("AAA Rules"). All arbitrators must be members of the bar in good standing in the state in which the arbitration will be conducted. The arbitrator will be selected in accordance with the AAA Rules. You may obtain a copy of the AAA Rules by emailing arbitration@zumiez.com. Alternatively, you may contact AAA to request a copy of the AAA Employment Arbitration Rules & Procedures  or obtain them from AAA's website (http://www.adr.org/).

The arbitrator shall apply the Federal Arbitration Act as interpreted by the United States Supreme Court. With respect to matters not addressed by the Federal Arbitration Act, the arbitrator will follow the law of the state where the claims arose.

Unless the parties agree otherwise, the arbitration shall be held in the state in which the claims arose. The location of the arbitration shall be within 50 miles of the facility or location where the dispute arose.

Both you and the Company have the right to be represented by an attorney in the arbitration. If you choose to have an attorney represent you, it will be at your own cost. However, if you elect

not to be represented by an attorney, the Company will not have an attorney present during the arbitration proceedings.

### E. Other Provisions of this Agreement

To the extent any of the provisions herein conflict with any standard rules of the arbitration service being used, the express provisions of this Agreement shall prevail.

Neither the terms nor conditions described in this Agreement are intended to create a contract of employment for a specific duration of time. This Agreement is not, and shall not be construed to, create a contract of employment express or implied, nor does this Agreement in any way alter the "at-will" status of your employment. Both you and the Company understand that either party can terminate the employment relationship at any time, with or without cause, and with or without notice.

### F. The Consideration for the Agreement and Agreement

In addition to the consideration of being a mutual agreement to arbitrate, the Company agrees to reimburse you for any administrative filing fees that AAA may impose on you to initiate arbitration within fourteen calendar (14) days of the initiation of the arbitration. As further consideration, the Company agrees to pay all fees charged by the arbitrator for his or her services, including travel, lodging, and meal costs. Further, the Company agrees that if it prevails at the arbitration it shall not seek or pursue costs from you, even if at law it would otherwise be entitled to pursue such costs. Each party shall bear its own attorneys' fees; however, it is understood that the arbitrator will have the same power to award reasonable attorneys' fees to the prevailing party as a court would have with respect to the same claims.

It is also agreed that your acceptance of employment and/or continued employment with the Company subsequent to your acknowledgment of this Agreement shall constitute consideration for this Agreement. The parties agree that the consideration set forth in this Section F is wholly adequate to support this Agreement.

You have not relied on any promises or representations by the Company (or any other person or entity) other than those contained in this Agreement.

### G. Your Right To Opt Out Of This Agreement

You have the right to opt out of this Agreement (i.e. not be bound by it). However, to do so, **you must send a written notice to the Company of your decision to opt out, and you must do so no later than 30 days after the day you electronically acknowledge receipt of this Agreement**. An opt-out notice is included with this Agreement, but you are not required to use it. You can simply prepare a notice identifying your name and address, stating that you choose to opt out of the Agreement. You can send your opt-out notice by regular mail or by email.

If you mail your opt-out notice, it must state your name and address, and it must be postmarked within the applicable 30-day period. Please mail your opt-out notice to: Zumiez Arbitration, 4001 204th Street SW, Lynnwood, WA 98036.

EXHIBIT A
06

If you email your opt-out notice, it must be sent within the applicable 30-day period to OptOut@zumiez.com. Please include your name and address.

If you choose to opt out, it will be kept confidential, and you will not be retaliated against if you choose to opt out.

If you do not send a timely, written opt out notice to the Company, you will be bound by this Agreement.

### H. Entire Agreement and Amendments

This Agreement contains the complete agreement between you and the Company regarding the subjects covered in it, and supersedes any prior or inconsistent agreements that might exist between you and the Company. This Agreement can be amended only by a written agreement between the parties.

**UNLESS YOU HAVE PROPERLY ELECTED TO OPT OUT WITHIN THIRTY (30) DAYS AFTER ELECTRONICALLY ACKNOWLEDGING RECEIPT OF THIS AGREEMENT, YOU KNOWINGLY AND FREELY AGREE TO BE BOUND BY THE TERMS OF THIS MUTUAL AGREEMENT TO ARBITRATE CLAIMS, WHICH OTHERWISE COULD HAVE BEEN BROUGHT IN COURT. YOU UNDERSTAND THAT YOUR ELECTRONIC ACKNOWLEDGMENT AND AGREEMENT HAS THE SAME FORCE AND EFFECT AS A WRITTEN SIGNATURE. BY ISSUANCE OF THIS AGREEMENT, THE COMPANY AGREES TO BE BOUND TO ITS TERMS WITHOUT ANY REQUIREMENT TO SIGN THIS AGREEMENT.**

**YOU ACKNOWLEDGE THAT THIS AGREEMENT DOES NOT LIMIT YOUR ABILITY TO FILE AN ADMINISTRATIVE CHARGE WITH A FEDERAL, STATE OR LOCAL AGENCY INCLUDING THE NATIONAL LABOR RELATIONS BOARD AND THE EEOC.**

**YOU AFFIRM THAT YOU HAVE HAD SUFFICIENT TIME TO READ AND UNDERSTAND THE TERMS OF THIS AGREEMENT AND THAT YOU HAVE BEEN ADVISED OF YOUR RIGHT TO SEEK LEGAL COUNSEL REGARDING THE MEANING AND EFFECT OF THIS AGREEMENT PRIOR TO SIGNING.**

# OPT-OUT FROM PARTICIPATING IN ZUMIEZ INC'S ARBITRATION AGREEMENT

Mail to:
Zumiez Arbitration Department
4001 204th Street SW
Lynnwood, WA 98036

This form is to be signed and returned Zumiez Inc <u>ONLY IF YOU *DO NOT* AGREE TO PARTICIPATE IN THE ARBITRATION AGREEMENT.</u>

I choose to opt-out of Zumiez' Arbitration Agreement.


Name: _____
Address: _____
_____
_____

Signature: _____


Date: _____

*EXHIBIT A*
*08*

# EXHIBIT B

Pablo I Velarde - 000PV0523 - Zumiez Inc

## Mutual Arbitration Agreement – California

| | |
|---|---|
| Document | Mutual Arbitration Agreement – California |
| Category | Other |
| Message | **What:** New Zumiez' Mutual Arbitration Agreement |

**Why:** To acknowledge that you have read, received and agree to the terms of Zumiez' Mutual Arbitration Agreement unless you elect to "opt out." You can choose to opt out of the Arbitration Agreement. The opt out instructions are in the Agreement and are also below. Unless you opt out within 30 days, you and Zumiez will have agreed to arbitrate any disputes covered by the Mutual Arbitration Agreement.

**How:** By clicking the checkbox next to "Accept?" below and clicking the "Save" button, you are electronically signing that you have received a copy of Zumiez' Mutual Arbitration Agreement, and you are agreeing that your electronic signature has the same force and effect as a written signature.

We encourage you to read the Mutual Arbitration Agreement carefully. You will be able to download and save a copy of the Agreement, and you can also print a copy of it. We encourage you to save the Agreement for your records.

You have the right to opt out of this Agreement (i.e. not be bound by it). To opt out, you must send a written notice to Zumiez of your decision to opt out, and you must do so no later than 30 days after the day you acknowledge that you have received this Agreement in Z-Hire. An opt-out notice is included with the Agreement, but you are not required to use it. You can simply prepare a notice identifying your name and address, stating that you choose to opt out of the Agreement. You can send your opt-out notice by doing either one of the following:

> Email – Your notice must be sent within the applicable 30-day period to OptOut@zumiez.com.
> Regular mail - If you mail your opt-out notice, it must be postmarked within the applicable 30-day period. Please mail your opt-out notice to: Zumiez Arbitration, 4001 204th Street SW, Lynnwood, WA 98036.

If you choose to opt out, it will be kept confidential, will not be disclosed to your managers, and you will not be retaliated against if you choose to opt out.

By electronically signing this Agreement, you are waiving your right to commence, or be a party to, or a member of, any class or collective actions, or claims, or to bring jointly any claim with any other person or entity. This includes the currently filed putative class action, Alexandra Bernal and Alexia Herrera v. Zumiez Inc., Case No. 2:16-CV-01802-SB, United States Federal Court, Eastern District of California (see Agreement for more details). The case alleges that hourly employees in California who were scheduled for call-in shifts were not properly compensated and were not properly reimbursed for expenses associated with their employment. The case also includes several allegations related to those claims. Zumiez denies all the allegations. A copy of the operative complaint for this case can be downloaded from Zumiez' internal web site at http://zlink.zumiez.com/stores/forms/CurrentCAFiling.pdf if you would like to review it or discuss it with an attorney.

*EXHIBIT B*
*10*

If you do not opt out of Zumiez' Mutual Arbitration Agreement, any employment-related dispute – whether initiated by you or Zumiez - will be resolved by an arbitrator not affiliated with Zumiez Inc. in an arbitration proceeding, instead of by a judge or jury in a court proceeding. The Zumiez' Arbitration Agreement continues to apply to any employment-related disputes you may have with Zumiez Inc. even after your employment ends.

**Zumiez' Mutual Arbitration Agreement does not impact your right to file a complaint relating to your employment with any local, state or federal agency, or the National Labor Relations Board.**

For additional information regarding the arbitration agreement, you can contact Human Resources at 425-551-1500 ext. 1681, or toll free at 1-888-758-4327 ext. 1681. For additional information regarding arbitration rules and procedures, go to: http://www.adr.org

We encourage you to continue to use Zumiez' open door policy for informal discussions between you and your manager. You can also bring any concerns to Zumiez' Human Resources department, or to the Zumiez' Hotline at 1-877-954-6378. If you wish to make an anonymous report, you can do so by calling the Zumiez' Hotline.

**If you do not opt out within 30 days, you are covered by Zumiez' Mutual Arbitration Agreement and agree to use Zumiez' Mutual Arbitration Agreement by continuing your employment with Zumiez Inc.**

**PLEASE NOTE: This is only a short summary. You need to carefully read the entire Mutual Arbitration Agreement. If you have any questions, call Zumiez' Human Resources at 425-551-1500 ext. 1681.**

| Status | Status Date | Comments |
|---|---|---|
| Accepted | 12/04/2016 8:10 PM | |

*EXHIBIT B*
*11*

# EXHIBIT C

EXHIBIT C
12

**Pablo I Velarde - 000PV0523 - Zumiez Inc**

## Document Acknowledgment

| Title | Category | Status | Status Date |
|---|---|---|---|
| Mutual Arbitration Agreement – California | Other | Accepted | 12/04/2016 8:10 PM |

*EXHIBIT C*
*13*